UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LANNY PETREY and DEBRA PETREY, | ) ) | |
| | ) | Civil Action No. 6: 07-168-DCR |
| Plaintiffs, | ) ) | |
| V. | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| K. PETROLEUM, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiffs' motion to remand this action

to the Whitley Circuit Court based on their stipulation that they are not claiming damages in an

amount exceeding $75,000.00. [Record No. 5] The Defendant opposes the motion and asserts

that the amount in controversy necessary for this Court to have jurisdiction over the dispute has

been met. [Record No. 7]  Because the Court concludes that the amount in controversy, more

likely than not, exceeds the jurisdictional minimum, the Plaintiffs' motion will be denied.

## I.      Background

The Plaintiffs filed this action in Whitley Circuit Court on April 26, 2007, seeking a

declaration of rights and damages under an oil and gas lease.  In particular, the Plaintiffs seek

a declaration that they have superior title to certain real property upon which the Defendant seeks

to produce natural gas.  In addition, they seek monetary damages in an unspecified sum

exceeding $4,000.00. [*See* Record No. 1; attached Complaint.]

-1-

Defendant K. Petroleum, Inc. removed the action to this Court on May 14, 2007, pursuant to 28 U.S.C. § 1441(b), asserting that the controversy involves citizens of different states and that the amount in controversy exceeds $75,000.00.  In particular, the Defendant alleged that it had a "good faith [belief] that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." [Record No. 1; Notice of Removal]

On June 15, 2007, the Plaintiffs moved the Court to remand the action back to state court, arguing that amount in controversy does not exceed $75,000.00.  In support, they jointly stipulated that "the amount of potential damages they are claiming from the defendant, exclusive of interest and costs, does not exceed the sum of $75,000.00." [Record No. 5]

The Defendant responded by again asserting that the amount in controversy is in excess of the jurisdictional amount.  The Defendant also submitted an affidavit of Jamshid Khorrami, President and Director of K. Petroleum and a registered Petroleum Geologist.  [*See* Record Nos. 7 and 8; Response to Motion to Remand and attached Affidavit.]  In the affidavit, Mr. Khorrami states that, from the Defendant's standpoint, because of the proximity of the leasehold to its facilities, the total value of the recoverable natural gas reserves from this property during the period of the lease it is claiming is "worth well in excess of $75,000.00." [*Id*.; Affidavit]

The Plaintiffs have not filed a reply.  Thus, the matter is ripe for the Court's consideration.

## II.     Legal Analysis

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court.  A federal court has original

"diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). It is well-established that the federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005). Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Normally, "the sum claimed by the plaintiff[s] controls," but where plaintiffs seek "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000.00. *Gafford*, 997 F.2d at 156, 158.

In determining the appropriateness of remand, the Court also must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). However, events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

In actions in which a plaintiff is seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977); *see also Columbia Gas Transmission Corp. v. Meadow Preserve York*, 2006 WL 1376912 (N.D. Ohio May 18, 2006). In the present case, the Plaintiffs are seeking monetary damages and declaratory relief. Thus, for purposes of determining the amount in controversy, the Court must consider not only the money judgment sought but also the "value of the object of the litigation." *Hunt*, 432 U.S. 333; *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).

Here, in addressing the parties' dispute, the Court must first assess whether the monetary value of the lease is calculated from the Plaintiffs' or the Defendants' perspective. The Sixth Circuit has recognized that there is a split of authority regarding whose viewpoint should be considered in determining the amount in controversy in cases such as the present one. Courts have taken three approaches: (1) the plaintiff's perspective, in which the amount in controversy is determined by the amount stated in the complaint or the value of the right the plaintiff is asserting; (2) the defendant's viewpoint, which generally considers the defendant's cost of compliance with the requested injunctive relief; and (3) either party's viewpoint.[1] The Sixth

---

[1]     There is a circuit split regarding whether a court may determine the amount in controversy from the perspective of the plaintiff, defendant or either party. *See e.g., Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 640 n. 4 (5th Cir. 2003) (applying the "plaintiff's viewpoint" rule); *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 219-20 (11th Cir. 1997) (same); *Massachusetts State Pharm. Ass'n v. Fed. Prescription Serv., Inc.*, 431 F.2d 130, 132 n. 1 (8th Cir. 1970) (same); *but see In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001) (applying the "either viewpoint rule"); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 609 (7th Cir. 1997) (same); *Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155, 1159 (10th Cir. 1979) (same); *Williams v. Kleppe*, 539 F.2d 803, 804 n. 1 (1st Cir. 1976) (same); *Tatum v. Laird*, 444 F.2d 947, 951 (D.C. Cir. 1971) (same), *rev'd on other grounds*, 408 U.S. 1 (1972); *but see Hartridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969) (adopting the viewpoint of the party invoking federal jurisdiction approach

Circuit has acknowledged that the question regarding whose viewpoint should be used to measure to value of the object of the litigation poses a "jurisdictional morass." However, the court has explicitly declined to decide the issue. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006); *see also Olden v. Lafarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004).

> In *Olden*, the court stated that:

> This circuit has not yet chosen an approach and we decline to weigh in on two major circuit splits in the same day. Nonetheless, we do note that many cases have been suggested to indicate our adoption of, or preference for, one rule over the other. In none of these cases, however, did the court either consider this issue or express a subtle preference one way or the other. Therefore, we leave this interesting question for another day.

*Olden*, 383 F.3d at 503 n.1 (internal citations and quotation marks omitted). Similarly, in *Everett*, the court noted that:

> [a]s in *Olden*, we need not resolve the question today. Even if we were to apply the either viewpoint approach, the more generous of the two from the defendant's perspective, [the defendant] has not satisfied a precondition for invoking the theory here. A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements by a preponderance of the evidence, and [the defendant] has not met this requirement.

*Everett*, 460 F.3d at 829 (internal citations and quotation marks omitted).

After considering the various approaches, the Court believes that the better practice in a declaratory judgment action involving competing claims in mineral interests would be to consider the value of the lease from the Defendants' viewpoint. In making this determination, the Court acknowledges that assessing monetary damages will not represent the value of the item to be obtained: sole interest of minerals underlying real property. Therefore, the Court will look

---

in dictum); *Thomas v. General Elec. Co.*, 207 F. Supp. 792, 794-95 (W.D. Ky. 1962) (same).

to the value attached to the interest by the defendant if that party offers competent evidence of its value. Of course, the plaintiff may seek to have the matter remanded by challenging the value of the mineral interest in dispute. However, it would be insufficient to simply rely upon the monetary damages sought to be recovered from the defendant, for that is only a portion of the total "recovery" sought.

In attempting to satisfy its burden of establishing the amount in controversy, the Defendant as submitted an affidavit from Jamshid Khorrami, a Petroleum Geologist. In the affidavit, Mr. Khorrami asserts that "a conservative estimate of recoverable natural gas reserves per acre on this property . . . is 550 Mcf (thousand cubic feet of natural gas at 1,000 Btu per cubic foot), . . .with total estimated reserves . . . [of] 150,700 Mcf." [*See* Record No. 7; attached Affidavit.] Thus, based on a price in the ground of $2.00 per Mcf, the value of the reserves would exceed $300,000.00. The Plaintiffs have failed to offer any evidence to counter the assertions concerning the estimated reserves or the value of the gas at present values.

Based on Mr. Khorrami's status as a Petroleum Geologist and the Plaintiffs' failure to offer any evidence establishing that the information contained in the affidavit is inaccurate, the Court finds that Defendant K. Petroleum has satisfied its burden of establishing by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000.00, exclusive of interest and costs.

The Court also notes that the Plaintiffs' attempt to oust the Court of jurisdiction by their stipulation is of no consequence once the Defendant establishes that removal is proper. As a general rule, a plaintiff cannot defeat federal jurisdiction simply by agreeing to seek no more

than $75,000.00 (the federal jurisdictional limit) *after* the action has been removed to federal court. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Saint Paul*, 303 U.S. at 289-90 ("events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached"); *Ahearn*, 100 F.3d at 453 ("[w]e look at the complaint at the time of removal . . . and determine whether the action was properly removed in the first place").

### III.    Conclusion

It is hereby **ORDERED** that the Plaintiffs' Motion to Remand this action to the Whitley Circuit Court [Record No. 5] is **DENIED**.

This 16th day of July, 2007.



Signed By:
Danny C. Reeves DCR
United States District Judge